UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.:1:13-cv-01086-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>(ECF No. 1) |

　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

　　Petitioner is currently in custody at the California Correctional Institution in Tehachapi, California, following his conviction imposed in the Monterey County Superior Court for first degree murder with a gun enhancement. (Petition, at 1.)

　　Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California in case number 4:03-cv-

1

05668 PJH, which was denied on the merits in a reasoned decision on August 20, 2007.[1] The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability on September 28, 2009.

On April 22, 2011, Petitioner filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of California in case number 4:11-cv-01981-PJH, which was dismissed as a second or successive petition under 28 U.S.C. § 2244(b)(1) on August 30, 2011. The Ninth Circuit denied a certificate of appealability on October 19, 2012.

Petitioner filed the instant petition for writ of habeas corpus on July 15, 2013. Petitioner contends that he is the subject of an unconstitutional overbroad statutory scheme by way of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996. More specifically, Petitioner contends that his first, fifth, eighth and fourteenth amendments have been violated by application of the AEDPA in the prior case filed in the United States District Court for the Northern District of California. Petitioner also contends his rights under the equal protection clause have been violated.

## II.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

### A.     First, Fifth, and Fourteenth Amendment Rights

Petitioner contends that section 2244(b)(1) on its face and as applied violates his first, fifth and fourteenth amendment rights because it infringes on his right to open courts and suspends the writ leaving no available remedy.

The Supreme Court has rejected the argument that AEDPA restrictions on successive habeas petitions are a "suspension" of the writ of habeas corpus contrary to article I, § 9, clause 2 of the federal Constitution. See Felker v. Turpin, 518 U.S. 651, 663-664 (1996).

Nor does AEDPA's amendments to § 2244(b) violate the First, Fifth, and Fourteenth Amendments. The Supreme Court has stated that a procedural limitation "is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Medina v. California, 505 U.S. 437, 445 (1992) (quoting Patterson v. New York, 432 U.S. 197, 201-202 (1977)) (citations and internal quotation marks omitted).

In addition, although prisoners have a constitutional right to adequate, effective, and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 821 (1977), such right is not abridged by the AEDPA. The restriction on successive petitions set forth in the AEDPA merely transfers from the district to the appropriate court of appeals the screening function which the district court had previously conducted, and it "constitute[s] a modified res judicata rule," which is a permissible restriction on writs of habeas corpus rather than a suspension of the writ. Felker v. Turpin, 518 U.S. at 664. As such, the AEDPA does not restrict a person from filing appropriate legal documents or deny them access to the courts, and Petitioner's claim must be dismissed.

### B.     Equal Protection Clause

Petitioner also contends the section 2244(b)(1) violates the Equal Protection Clause because it discriminates against the "poor class."

Petitioner fails to state facts sufficient to support his equal protection claim. Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Bell v. Wolfish, 441 U.S. 520, 545-546 (1979).

In this instance, Petitioner has failed to demonstrate that he is a member of a suspect class,[2] that section 2244(b) burdens a fundamental right, or that section 2244(b) is not rationally related to a legitimate state interest. Accordingly, Petitioner has failed to demonstrate an equal protection violation and his claim must be dismissed.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED;

2. The Clerk of Court be directed to dismiss the instant petition; and

3. Petitioner's motion to consolidate this action with case number 1:12-cv-01085-LJO-JLT (PC), filed on August 5, 2013, be DENIED as moot in light of dismissal of the action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after

/////
/////
/////

---

[2] The "[Supreme] Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis." Maher v. Roe, 432 U.S. 464, 470-471 (1977).

4

service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 4, 2013**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE