**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME L. ZEPEDA,<br><br>           Petitioner,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA (CONGRESS),<br><br>           Respondent. | Case No. 1:13-cv-01086-AWI-BAM-HC<br><br>ORDER TERMINATING MOTION FOR RELIEF FROM JUDGMENT (DOC. 16) |

　　Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion for relief from the judgment entered in this proceeding on November 15, 2013, pursuant to the Court's dismissal of the petition as successive.  (Docs. 11, 12.)

　　On December 13, 2013, Petitioner filed a notice of appeal from the judgment, and the appeal is presently pending.  (Docs. 13, 14.)  Thereafter, Petitioner filed the instant motion for relief from the judgment, in which Petitioner challenges the Court's decision dismissing the petition.  (Doc. 16, 4.).

1

The filing of a timely notice of appeal transfers jurisdiction to the appellate court over the appealable orders and judgments that are encompassed by the notice, and it removes jurisdiction from the district court. Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995). With respect to this Court's consideration of a motion pursuant to Rule 60 to vacate a judgment that is the subject of a pending appeal, the law has recently been summarized:

> Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.1986). However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Id. (internal quotation marks and citations omitted); see also Defenders of Wildlife v. Bernal, 204 F.3d 920, 930 (9th Cir.2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final determination on the merits); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to grant the motion, the movant first should request limited remand from the appellate court); Crateo, Inc. v. Intermark, Inc. (In re Crateo, Inc.), 536 F.2d 862, 869 (9th Cir.1976) (declining to order a remand after the district court declined to entertain the Rule 60(b) motion).

Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007).

Here, petitioner's petition was dismissed as successive. This Court lacks jurisdiction over Petitioner's motion. To the extent that Petitioner's motion could be considered a request to this Court to entertain Petitioner's motion, the Court is not inclined to consider or to grant Petitioner's motion for relief from the

judgment.

Accordingly, the Clerk is DIRECTED to terminate Petitioner's motion for relief from the judgment.

IT IS SO ORDERED.

Dated:   February 27, 2014                      _____
                                                SENIOR  DISTRICT  JUDGE

3