**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME LEDESMA ZEPEDA, | 9th Cir. No. 14-15682 |
| Plaintiff - Appellant, | Case No. 1:13-cv-01086-AWI-BAM (HC) |
| v. | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA (Congress), | |
| Defendant - Respondent. | |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court dismissed the petition as successive and declined to issue a certificate of appealability. (Docs. 11, 12.) On December 13, 2013, Petitioner filed a notice of appeal. Petitioner thereafter filed a motion for relief from judgment with this Court, challenging the Court's decision in dismissing the petition while Petitioner's appeal was pending before the Ninth Circuit. (Doc. 16.) This Court denied Petitioner's motion for relief from judgment on the grounds that the District Court no longer held jurisdiction once a timely notice of appeal is filed. (Doc. 17.) On April 25, 2014, the Ninth Circuit issued an order remanding this case to this Court for the limited purpose of granting or denying a certificate of appealability.

1

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ––– U.S. ––––, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.), and "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant", Rule 11(a) of Rules Governing Sec. 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir.2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). The issuance of a COA is "a rare step." *Murden v. Artuz,* 497 F.3d 178, 199 (2d Cir. 2008) (Hall, J., concurring). There must be "something more than the absence of frivolity or the existence of mere good faith" to justify the issuance of a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 328 (2003); *see Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

In this action, the Court finds that reasonable jurists would not disagree with this Court's refusal to exercise jurisdiction over Petitioner's motion. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995) (filing of a timely notice of appeal transfers jurisdiction to the appellate court over the appealable orders and judgments that are encompassed by the notice, and it removes jurisdiction from the district court). The Ninth Circuit recently summarized the district court's jurisdiction once an appeal has been filed:

> Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir.1986). However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Id. (internal quotation marks and citations omitted); *see also Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir.2000) (holding that a district court order declining to entertain or grant a Rule 60(b) motion is not a final determination on the merits); *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.1984) (holding that the district court's denial of a request to entertain a Rule 60(b) motion is interlocutory and not appealable and that if the court is inclined to

grant the motion, the movant first should request limited remand from the appellate court); *Crateo, Inc. v. Intermark, Inc*. (*In re Crateo, Inc*.), 536 F.2d 862, 869 (9th Cir.1976) (declining to order a remand after the district court declined to entertain the Rule 60(b) motion).

*Davis v. Yageo Corp*., 481 F.3d 661, 685 (9th Cir. 2007). The Court considered that Petitioner may have intended his motion to be a request to seek limited remand. However, the Court did not abuse its discretion in declining to entertain Petitioner's motion. The Court's refusal to exercise jurisdiction over Petitioner's motion, whether considered a new Section 2255 motion or a motion pursuant to Rule 60(b), is not subject to dispute by reasonable jurists.

Based on the foregoing, the Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  April 25, 2014                                    _____
                                                          SENIOR DISTRICT JUDGE

3